**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| MATTHEW BUCHWALD, individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> I.Q. DATA INTERNATIONAL, INC., ) <br> a Washington corporation, ) <br> ) <br> Defendant. ) | **CASE NO.** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act while attempting to collect a debt from Plaintiff, which Plaintiff does not owe.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred here.

## PARTIES

3. Plaintiff MATTHEW BUCHWALD ("Plaintiff") is a natural person who, at all times relevant to this action, is and was a resident of Miami-Dade County, Florida.

4. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant I.Q. DATA INTERNATIONAL, INC. ("Defendant") is a Washington corporation whose principal place of business is 21222 30th Drive SE, Suite 120, Bothell, WA

98021 and whose registered agent for service of process in the state of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

6. Defendant uses the mail and telephone in a business the principal purpose of which is the collection of debts. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and is registered as a consumer collection agency in the state of Florida, license number CCA0900898.

## FACTUAL ALLEGATIONS

7. This action stems from Defendant's attempt to collect from Plaintiff an allegedly delinquent household or personal debt, allegedly owed to the Promenade at Aventura, an apartment community located in Aventura, Florida.

8. In furtherance thereof, Defendant sent, on or about December 28, 2016, a debt collection letter alleging therein that Plaintiff owed a debt to Promenade at Aventura in the amount of $379.04.

9. According to the form debt collection letter, the principal amount due was $373.02, with interest in the amount of $6.02 which would continue to accrue on the principal balance at the rate of 4.75 percent per annum.

10. However, Plaintiff owed no such debt to Promenade at Aventura; any debt Plaintiff may have had to Promenade at Aventura had been paid in full prior to Defendant's December 28, 2016 debt collection letter.[1]

---

[1] According to Defendant's calculations, $373.02 would accrue $17.72 in interest per year at an interest rate of 4.75%. $6.02 therefore represents 33.97 percent of one-year's interest, or 124 days of interest. Based upon this, and the December 28, 2016 letter, the first date of delinquency would have been August 26, 2016, Plaintiff's move-out date. Critical to Plaintiff's claim, Promenade at Aventura's own records reflect that Plaintiff's account with Promenade at Aventura was actually $496.98 in the positive on that date. Promenade at Aventura's records go on to reflect a maximum balance due of $326.12 on September 1, 2016, which was paid in full prior Defendant's December 28, 2016 debt collection letter.

11. Finally, Plaintiff was under no obligation, and Defendant had no authority, to assess and attempt to collect the arbitrary 4.75 percent per annum interest.

12. Plaintiff experienced frustration, stress, and anxiety due to Defendant's conduct.

13. In sum, Plaintiff has a right under the FDCPA to receive information from a debt collector that is not "false, deceptive, or misleading." *Pralle v. Cooling & Winter, LLC*, No. 2:16-cv-865-FtM-99CM (M.D. Fla. May 2, 2017).

14. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. Further, a single violation of the statute is sufficient to establish civil liability. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006).

15. Here, Defendant may not avail itself of the FDCPA's bona fide error defense. Congress designed the FDCPA to prevent debt collection abuses, not to furnish debt collectors with a free pass as to errors in their first collection attempts. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263 (11th Cir. 2011).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

16. Plaintiff incorporates paragraphs 1 through 15 as if fully set forth herein.

17. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Johnson v. Midland Funding, LLC*, 823 F.3d 1334 (11th Cir. 2016).

18. Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt because Plaintiff does not owe the debt, and even if Plaintiff does owe a debt, it is not in the amount nor subject to the interest rate described.

19. Defendant violated § 1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt from Plaintiff because Plaintiff does not owe the debt alleged by Defendant, and even if Plaintiff does owe a debt, it is not in the amount nor subject to the interest rate described.

20. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(1)

21. Plaintiff incorporates paragraphs 1 through 15 as if fully set forth herein

22. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, such as the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. *Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606 (11th Cir. 2014).

23. Defendant violated § 1692f(1) of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff does not owe the debt, and even if Plaintiff does owe a debt, it is not in the amount nor subject to the interest rate described.

24. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

*     *     *

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant I.Q. Data International, Inc. for:

a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

b. Attorneys' fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

Dated: October 11, 2017

Respectfully submitted,

 s/ Scott D. Owens
Scott D. Owens, Esq. (FBN 0598651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com